STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
  MPalau@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
  JSutton@TheMMLawFirm.com
ERIC S. TRABUCCO (Bar No. 295473)
  ETrabucco@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA PREDMORE individually and acting in the interest of other current and former employees and the public,<br><br>Plaintiff,<br><br>vs.<br><br>STOCKTON ENTERPRISES, LLC, a Limited Liability Company; DÉJÀ VU SHOWGIRLS-SACRAMENTO, LLC, a Limited Liability Company; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Violation of the Fair Labor Standards Act<br>2. Failure to Pay Minimum Wages;<br>3. Failure to Pay for All Hours Worked;<br>4. Failure to Pay Overtime;<br>5. Failure to Provide Rest Periods or Pay Additional Wages in Lieu Thereof;<br>6. Failure to Provide Meal Periods or Pay Additional Wages in Lieu Thereof;<br>7. Unlawful Deductions;<br>8. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions;<br>9. Failure to Timely Pay Wages Due at Termination;<br>10. Failure to Indemnify for Expenses<br>11. Violation of Unfair Competition Law;<br>12. Penalties Pursuant to the Labor Code's Private Attorney General Act, Cal. Labor Code §§ 2698 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

1    1.    Plaintiff brings this action against Stockton Enterprises, LLC, Déjà Vu Showgirls-

2  Sacramento, LLC, and Does 1-20 (collectively "Defendants"). The allegations herein are based

3  on the knowledge of Plaintiff, except allegations made on information and belief, which are

4  based on the investigation of her counsel.

5  **I.    NATURE OF THE ACTION**

6    2.    This is a Class Action pursuant to Federal Rule of Civil Procedure 23, and a

7  collective action pursuant to the Fair Labor Standards Act, 29 U.S.C sections 201 *et seq.* (the

8  "FLSA"). Plaintiff brings this action on behalf of a class of workers currently or formerly

9  employed by Defendants in California. Plaintiff seeks to vindicate the rights afforded to workers

10  under the FLSA, California law, including the California Labor Code and Wage Orders, and

11  California's unfair competition law ("UCL), California Business & Professions Code sections

12  17200 *et seq*.

13    3.    This action is also brought as a non-class, representative action pursuant to the

14  Private Attorneys General Act (PAGA), California Labor Code sections 2699 *et seq.* Plaintiff

15  has complied with the notice procedure set forth in California Labor Code section 2699.3 and is

16  statutorily authorized to enforce the state's laws and collect penalties on behalf of the state and

17  other current or former employees of Defendants. While the PAGA claim is representative, the

18  class certification requirements need not be satisfied. *See Arias v. Sup. Ct.*, 46 Cal.4[th] 969

19  (2009). Plaintiff seeks PAGA penalties arising from Defendants' willful misclassification of

20  employees as independent contractors; from the charging of fees or deduction of wages; from the

21  failure to pay for all hours worked and failure to pay at the state minimum and overtime rates;

22  from the failure to comply with rest and meal period requirements; from the failure to maintain

23  records and furnish accurate wage statements; from the failure to provide timely compensation;

24  from the failure to reimburse for expenses; from the failure to allow exotic dancers to retain their

25  full tips; and for the violations described herein.

26    4.    The violations alleged in this Complaint revolve around Defendants'

27  misclassification of employees, including Plaintiff, as independent contractors. The allegations

28

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

also revolve around Defendants' unlawful labor and payroll policies, which result in violations of the minimum wage laws, overtime laws, rest and meal break laws, laws pertaining to indemnification of work expenses, and other laws described herein. The suit also revolves around Defendants' unlawful record keeping practices, whereby employee time is not properly tracked, wage statements are inaccurate, and records are not provided to employees when requested. Plaintiff and the class she seeks to represent are owed wages, interest and penalties as a result of Defendants' enforcement of the unlawful policies and practices described herein, which violate the FLSA and provisions of the California Labor Code, Wage Orders and UCL, as described below.

## II.     JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises from violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to the federal law wage and hour claims that they form part of the same case or controversy under Article III of the United States Constitution. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

7.     Venue is proper in the Court Eastern District of California pursuant to 28 U.S.C. § 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III.     PARTIES

**PLAINTIFF**

8.     Plaintiff is a resident of California.  At all relevant times herein, Plaintiff worked as an exotic dancer for Defendants.  Plaintiff worked for Defendants within the class period until approximately April 2016. Defendants willfully misclassified Plaintiff as an independent contractor, and charged Plaintiff a fee or made deductions from compensation for various items such as goods, materials, space or rental (among other things), in violation of Labor Code § 226.8. Defendants compensated Plaintiff on the basis of so-called "dance credits" and was given

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

a "dancer split" for her work. Defendants failed to maintain a designated timekeeping system to record the start and end of work periods, meal periods and rest periods, and failed to provide Plaintiff with rest and meal periods. Plaintiff was denied compensation for all "hours worked" within the meaning of the Wage Orders, was denied compensation at the applicable minimum and overtime rates, was denied meal periods and paid rest breaks, and suffered deductions from compensation or was charged for items relating to her work. As a result of Defendants' violations of California law, Plaintiff has suffered injury in fact and has lost money or property and is an aggrieved employee within the meaning of PAGA.

**DEFENDANTS**

9. The following allegations as to Defendants are made on information and belief. They are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

10. On information and belief, Déjà Vu Showgirls-Sacramento, LLC ("Déjà Vu") is a Nevada limited liability company registered in California since 2007 with file number 200722210359. Déjà Vu lists its principal office at 11252 Trade Center Dr. Rancho Cordova, CA 95742. At relevant times, Déjà Vu has had a principal executive office at 8252 E. Lansing Rd. in Durand, Michigan, and a mailing address at PO Box 408, Durand, Michigan. On information and belief, Harvey Mohney has been at all relevant times an owner and/or manager or managing agent of Déjà Vu. Déjà Vu employed Plaintiff and other employees in California and willfully misclassified them as independent contractors. Déjà Vu is liable for violations of the Labor Code and liable for PAGA penalties payable to the state and the workforce pursuant to Labor Code sections 2699 *et seq.* and sections 558 and 1197.1.

11. On information and belief, Stockton Enterprises, LLC is a Nevada limited liability company registered in California since approximately 1999 with file number 199915510067. Stockton Enterprises lists its principal office at 4206 N. West Lane, Stockton, CA 95207. At relevant times, Stockton Enterprises has had a principal executive office at 8252 E. Lansing Rd. in Durand, Michigan, and a mailing address at PO Box 408, Durand, Michigan. On information

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

and belief, Stockton Enterprises was organized by David P. Kaatz and Donald Kontz has been at all relevant times an owner and/or manager or managing agent of Déjà Vu. Déjà Vu employed Plaintiff and other employees in California and willfully misclassified them as independent contractors. Déjà Vu is liable for violations of the Labor Code and liable for PAGA penalties payable to the state and the workforce pursuant to Labor Code sections 2699 *et seq.* and sections 558 and 1197.1.

12. On information and belief, Defendants are part of a Déjà Vu Showgirls empire that is owned, controlled or managed by Harvey Mohney and other associates or entities related to him, including Donald Kontz. In California, Defendants operate several establishments known as Déjà Vu or Déjà Vu Showgirls where exotic dancers are willfully misclassified as independent contractors.

13. The true names and capacities of Defendants named as Doe 1-20, inclusive, are presently unknown. These Doe Defendants are persons within the meaning of Labor Code sections 558 and 558.1 who caused the violations at issue in this complaint. Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious Defendants when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious Defendants has participated in the acts alleged to have been committed by the named Defendants.

14. Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each of the Defendants, whether named or fictitious or unknown, was the agent or employee of each of the other Defendants, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

## IV. FACTUAL BACKGROUND

15. This action is brought on behalf of Plaintiff and a class comprising current or former individuals misclassified as independent contractors by Defendants and who worked at Defendants' Déjà Vu establishments in California. Plaintiff and the misclassified workers she

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

seeks to represent worked for Defendants as nude and semi-nude performers and exotic dancers. They were not compensated for all hours worked within the meaning of the FLSA and applicable Wage Orders. Instead, they were compensated only when they performed for Defendants' customers. The action seeks to recover wages and compensation due and owing to Plaintiff and the class under federal and California laws for the maximum period allowed to the present (the "Class Period"), as set forth below. For at least four years prior to the filing of this action and to the present, Defendants maintained and enforced against class members, including Plaintiff, the following unlawful practices and policies:

a.   Willfully misclassifying individuals who worked at Defendants' California establishments as exotic dancers or entertainers;

b.   Failing to maintain accurate time records of misclassified employees, including the start and end of work periods and meal periods;

c.   Failing to compensate misclassified employees for all hours worked in violation of the FLSA;

d.   Failing to compensate misclassified employees for all hours worked in violation of California law, and the minimum wage and overtime requirements of California law;

e.   Failing to authorize and permit paid rest periods at the rate of one rest period for shifts between 2.5 and six hours, two rest periods for shifts greater than six and up to 10 hours, three rest periods for shifts greater than 10 hours and up to 14, and four rest periods for shifts greater than 14 hours and so on, as required by the applicable Wage Orders;

f.   Failing to provide rest period premiums in lieu of paid rest periods, in violation of Labor Code section 226.7 and the applicable Wage Orders;

g.   Failing to provide timely, uninterrupted and complete (i.e., at least 30 minutes) meal periods, and failing to provide a second uninterrupted and complete (i.e., at least 30 minutes) meal period for shifts greater than 10

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

1  hours as required by the applicable Wage Orders and Labor Code section

2  512;

3      h.    Failing to provide premium meal period wages in lieu of meal periods, in

4            violation of Labor Code section 226.7 and the applicable Wage Orders;

5      i.    Failing to provide accurate itemized wage statements, in violation of

6            Labor Code section 226;

7      j.    Making deductions from compensation (kickbacks) or unlawfully

8            charging misclassified employees;

9      k.    Failing to pay all wages owed to timely upon the termination of the

10           employment relationship;

11     l.    Failing to reimburse workers for expenses; and

12     m.    Failure to provide paid sick days.

13     16.   On information and belief, Ms Predmore alleges that Defendants were on notice

14 of the violations alleged herein and intentionally refused to rectify them, and that the violations

15 herein alleged, during all relevant times, were committed willfully and deliberately.

16     17.   Plaintiff, on behalf of hersel and all class members, seeks declaratory relief,

17 statutory damages, actual damages, interest, attorney's fees, costs, and/or injunctive relief, as

18 well as for restitution, restitutionary disgorgement and other remedies for Defendants' failure to

19 comply with the laws herein alleged.

20     18.   During all relevant times herein, Defendants have made it difficult to account

21 with precision for the unlawfully withheld wages that Defendants owe to class members,

22 including Plaintiff, because Defendants failed to implement and preserve a record-keeping

23 method to record all hours worked and wages earned by their employees, as required by the IWC

24 wage orders and California Labor Code §§ 226 and 1174(d). As a result of Defendants' wage

25 statement violations, employees cannot promptly and easily determine from the wage statement

26 the total hours worked, or all applicable hourly rates in effect during the pay period and the

27 corresponding number of hours worked at each hourly rate.

28

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

19. Defendants have violated California Labor Code § 226(a) on a systematic, workforce-wide basis, and class members are therefore entitled to statutory penalties not to exceed $4000 for each employee pursuant to Labor Code § 226(e).

## V.  CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rule 23.  Plaintiff seeks to represent the following Class:

> All exotic dancers and nude or semi-nude entertainers at Defendants' California Déjà Vu establishments who were classified as independent contractors within four years from the filing of the initial complaint in this action through the present.

21. The class period in this action begins four years prior to the filing date of the original complaint in this case (extended also for any prior class action complaint to the extent permitted by law), and continues through final disposition of the action.

22. On information and belief, the injury and loss of money to Plaintiff and the class amounts to hundreds of thousands of dollars if not millions.  Plaintiff and the class were regularly subjected to the policy violations described in this complaint. On information and belief, the legal and factual issues are common to the class and affect all class members.

23. Plaintiff reserve the right to amend or modify the class description with greater specificity or to divide it into subclasses, as well as to limit the class or subclasses to particular issues, as warranted.

### A.  <u>Numerosity</u>

24. The potential members of the class as defined are so numerous that joinder of all of them is impracticable.  While the precise number of potential class members has not been determined at this time, Plaintiff is informed and believes that Defendants have misclassified well more than 50 exotic dancers within the class period, and that the number so misclassified may be in the hundereds.

25. On information and belief, Plaintiff allege that Defendants' employment records will provide information as to the number and location of all class members. Joinder of all members of the proposed class is not practicable.

**B.** **Commonality & Predominance**

26. There are questions of law and fact that are common to the class and predominate over individualized questions. These common questions of law and fact include, without limitation:

     a.    Whether Defendants willfully misclassified exotic dancers or nude or semi-nude entertainers as independent contractors;

     b.    Whether Defendants' independent contractor agreement is unlawful, unenforceable or otherwise void;

     c.    Whether Defendants failed to maintain accurate time records of misclassified employees, including the start and end of work periods and meal periods;

     d.    Whether Defendants failed to compensate misclassified employees for all hours worked in violation of the FLSA;

     e.    Whether Defendants failed to compensate misclassified employees for all hours worked in violation of California law, and the minimum wage and overtime requirements of California law;

     f.    Whether Defendants failed to authorize and permit paid rest periods at the rate of one rest period for shifts between 2.5 and six hours, two rest periods for shifts greater than six and up to 10 hours, three rest periods for shifts greater than 10 hours and up to 14, and four rest periods for shifts greater than 14 hours and so on, as required by the applicable Wage Orders;

     g.    Whether Defendants failed to provide rest period premiums in lieu of paid rest periods, in violation of Labor Code section 226.7 and the applicable

1                       Wage Orders;

2           h.      Whether Defendants failed to provide timely, uninterrupted and complete

3                 (i.e., at least 30 minutes) meal periods, and failing to provide a second

4                 uninterrupted and complete (i.e., at least 30 minutes) meal period for shifts

5                 greater than 10 hours as required by the applicable Wage Orders and

6                 Labor Code section 512;

7           i.       Whether Defendants failed to provide premium meal period wages in lieu

8                 of meal periods, in violation of Labor Code section 226.7 and the

9                 applicable Wage Orders;

10         j.       Whether Defendants failed to provide accurate itemized wage statements,

11                 in violation of Labor Code section 226;

12         k.      Whether Defendants made unlawful deductions from compensation;

13         l.       Whether Defendants failed to pay all wages owed timely upon the

14                 termination of the employment relationship;

15         m.    Whether Defendants failed to reimburse workers for expenses;

16         n.      Whether Defendants failed to provide paid sick days;

17         o.      Whether Defendants violated Sections 17200, *et seq.* of the Business and

18                 Professions Code by the actions alleged in this complaint.

19         p.      Whether Plaintiff and the class are entitled to damages, restitution,

20                 statutory penalties, premium wages, declaratory, injunctive and

21                 declaratory relief, attorneys' fees, interest, and costs, and other relief

22                 pursuant to California Labor Code and Wage Orders, and Business and

23                 Professions Code §§ 17200, *et seq.*

24 There are no individualized factual or legal issues for the court to resolve other than the

25 application of a formula to calculate each Class Members' damages.

26     **C.**    **Typicality**

27      27.    Plaintiff's claims are typical of the claims of class members. Plaintiff and all

28

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

members of the class sustained injuries and damages arising out of and caused by Defendants' common course of conduct of misclassifying employees as independent contractors, which, as alleged herein, violates California law.

**D.** **Adequacy of Representation**

28. Plaintiff intends to fairly and adequately represent and protect the interests of the class, and Plaintiff is unaware of any interests which are adverse to the Class. Plaintiff is similarly situated to other class members and has retained counsel competent and experienced in litigating wage and hour class actions.

**E.** **Superiority of Class Action**

29. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of the unlawful policies and practices described herein. Class Members are unlikely to otherwise obtain effective representation to ensure full enforcement of their rights absent class certification.

30. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM

### VIOLATION OF THE FLSA
(29 U.S.C. § 206)

31. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

32. Defendants failed to pay Plaintiff and the class she seeks to represent the mandated minimum wage, seven dollars and twenty-five cents ($7.25) per hour, for each hour worked as required by FLSA, 29 U.S.C. § 206.

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

1    33.    At all times relevant to this action, Defendants willfully failed to compensate

2    Plaintiff and the class she seeks to represent for all hours worked each workday by

3    misclassifying them as independent contractors and paying them a fixed amount per

4    performance, rather than for their hours worked.

5    34.    The minimum wage provision of the Fair Labor Standards Act is enforceable by

6    private civil action under 29 USC § 216(b).

7    35.    Wherefore, Plaintiff brings this action for herself and the class to recover unpaid

8    wages, liquidated damages, attorney's fees, and costs of suit.

9    **SECOND CLAIM**

10    **FAILURE TO PAY FOR ALL HOURS WORKED**

11    (VIOLATION OF CAL. LAB. CODE §§ 204, 218.5, 223, 1194 & WAGE ORDERS)

12    36.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

13    37.    California law requires payment of all wages due, whether established by contract

14    or by law, for "all hours worked."  The Wage Orders define "hours worked" as "the time during

15    which an employee is subject to the control of an employer, and includes all the time the

16    employee is suffered or permitted to work, whether or not required to do so."

17    38.    Labor Code section 223 requires an employer to pay an employee the wage

18    designated by statute or contract.  By failing to pay such wages on at least a weekly basis,

19    Defendants have further violated Labor Code section 204 by failing to pay all earned wages in a

20    timely manner.

21    39.    At all times relevant to this action, Defendants willfully failed to compensate

22    Plaintiff and the class she seeks to represent for all hours worked each workday by

23    misclassifying them as independent contractors and paying them a fixed amount per

24    performance, rather than for their hours worked.

25    40.    Plaintiff brings this cause of action under Labor Code section 218.5, authorizing a

26    private right of action for the nonpayment of wages.

27    41.    The failure to pay for all hours worked in violation of California law is a predicate

28

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

for PAGA penalties.

42.    Wherefore, Plaintiff brings this action for herself and the class to recover unpaid wages, interest and cost of suit.

### THIRD CLAIM

#### FAILURE TO PAY STATE MINIMUM WAGE
(VIOLATION OF LABOR CODE §§ 1194, 1197, 1197.1 and WAGE ORDERS)

43.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

44.    Defendants failed to pay Plaintiff and the class she seeks to represent the mandated California minimum wage for each hour worked.

45.    At all times relevant to this action, Defendants willfully failed to compensate Plaintiff and the class she seeks to represent for all hours worked by misclassifying them as independent contractors and paying them a fixed amount per performance, rather than for their hours worked.

46.    The minimum wage provisions of the California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a). As such, Plaintiff brings this action for herself and the class to recover wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a) and the applicable wage orders.

47.    Plaintiff also seeks for herself and the class liquidated damages pursuant to California Labor Code § 1194.2.

48.    These violations are also predicates for penalties under PAGA.

49.    Wherefore, Plaintiff and the class are entitled to unpaid minimum wages, liquidated damages, attorney's fees and cost of suit, and therefore request relief as described herein and below.

### FOURTH CLAIM

#### FAILURE TO PAY OVERTIME COMPENSATION
(VIOLATION OF LABOR CODE §§ 200, *et seq.*, 510, 1194 & WAGE ORDER(S))

50.    Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

1    51.    Labor Code § 510(a) establishes the eight (8) hour workday and 40 hour

2    workweek, and provides that work in excess of eight (8) hours in one day or 40 hours in one

3    week is to be compensated at one and one-half (1 ½) the regular rate of pay ("overtime rate").

4    The wage orders, which are authorized under California Labor Code § 1185 and apply in this

5    case, further provide that work in excess of 12 hours in a workday or eight hours on the seventh

6    consecutive workday is to be compensated at the rate of twice the regular rate of pay ("double-

7    time rate").

8    52.    Defendants violated California Labor Code § 510 and the applicable wage orders

9    (or caused the violations) by failing to compensate for all hours worked, and failing to

10    compensate at the applicable premium rate of time and one-half or double-time.

11    53.    Plaintiff may enforce the overtime provisions pursuant to Labor Code § 1194(a)

12    and Business and Professions Code §§ 17200 et seq.

13    54.    California Labor Code § 1194(a) states:

14

15    Notwithstanding any agreement to work for a lesser wage, any employee
     receiving less than the legal minimum wage or the legal overtime compensation
     applicable to the employee is entitled to recover in a civil action the unpaid

16    balance of the full amount of this minimum wage or overtime compensation,
     including interest thereon, reasonable attorney's fees and costs of suit.

17

18    As a result, Plaintiff and the class she seeks to represent are entitled to the unpaid balance of the

19    full amount of the above noted overtime compensation, interest, reasonable attorney's fees and

20    costs of suit.

21    55.    Defendants' violations of the overtime laws constitute predicates for penalties

22    under PAGA.

23    56.    Wherefore, Plaintiff for herself and the class seeks unpaid wages, interest,

24    attorney's fees and cost of suit.

25                          **FIFTH & SIXTH CLAIMS**
                    FAILURE TO PROVIDE MEAL AND REST PERIODS
26           (CAL. LAB. CODE §§ 226.7, 8 CAL. CODE REGS. § 11140)

27    57.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

28

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

58. Defendants failed to provide Plaintiff with off duty meal periods in accordance with California Labor Code § 226.7 and IWC Wage Orders, causing Plaintiff and members of the class she seeks to represent to work more than a five hour work period without at least a 30-minute, off duty and uninterrupted meal period.

59. At all relevant times, Plaintiff and, on information and belief, members of the class she seeks to represent, desired to take meal periods, but were prevented from taking these breaks due to Defendants' policies and practices.

60. Defendants failed to provide Plaintiffs with off duty rest periods in accordance with California Labor Code § 226.7 and IWC Wage Orders, causing Plaintiff and members of the class she seeks to represent to work more than a four hour work period without at least a ten minute rest period.

61. At all relevant times, Plaintiff and, on information and belief, members of the class she seeks to represent, desired to take rest periods, but were prevented from taking these breaks due to Defendants' policies and practices.

62. As a result of the Defendants' practices, Plaintiff and class members are entitled to receive premium compensation in an amount equal to one hour of additional wages at the applicable contractual rate of pay for each workday that Defendants failed to provide Plaintiff and class members meal periods, and one hour of additional wages at the applicable contractual rate of pay for each workday Defendants failed to provide Plaintiff and class members rest periods, in an amount to be proven at trial.

63. Defendants' meal and rest break violations are predicates for PAGA liability against Defendants as described in this complaint.

64. Wherefore, Plaintiff and class members are entitled to premium wages and interest thereon.

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

**SEVENTH CLAIM**

UNLAWFUL DEDUCTIONS AND KICKBACK PAYMENTS
(Violation of Cal. Lab. Code §§ 200 *et seq.*, 1194 and Wage Orders)
PLAINTIFF AGAINST ALL DEFENDANTS

65. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

66. California Labor Code § 221 makes it unlawful "…for any employer to collect or receive from an employee any part of wages theretofore paid by said employer."

67. California Labor Code § 224 allows for deductions that are mandatory or required under state or federal law, or when expressly authorized in writing by the employee for "…insurance premiums or medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at…pursuant to wage agreement or statute…."

68. Defendants deduct or collect wages from Plaintiff and, on information and belief, other misclassified employees who Plaintiff seeks to represent as members of the class. These deductions or collections are not authorized by law or written agreement, and amount to a misdemeanor pursuant to Labor Code § 225.

69. These deductions also violate Labor Code section 226.8 and serve as a predicate for PAGA penalties.

70. Wherefore, Plaintiff requests relief for herself and the Class as described herein and below, including lost wages, interest thereon, attorney's fees and cost of suit.

**EIGHTH CLAIM**

KNOWING AND INTENTIONAL FAILURE TO
PROVIDE ACCURATE WAGE STATEMENT
(VIOLATION OF LABOR CODE § 226)

71. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

72. California Labor Code Section 226(a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing
>
> (1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number,

(8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

73.     Defendants failed to provide "accurate itemized statements" with the information required by section 226 of the Labor Code to Plaintiff and, on information and belief, members of the class that Plaintiff seeks to represent due to their willful misclassification as independent contractors.

74.     Plaintiff and, on information and belief, class members have suffered injury as a result. These employees cannot promptly and easily determine from the wage statement alone the total hours worked, the number of piece rate units earned and applicable piece rate, or all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, or the true name of the legal entity that is the employer, including the employer's address.

75.     California Labor Code section 226 provides remedies for the violations described above, including penalties, damages and injunctive relief.

76.     In addition, Section 1174 of the California Labor Code, and Section 7 of the

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. The Wage Orders similarly mandate the accurate recording of all "hours worked," including the start and stop of meal periods, work periods. Defendants have created a uniform practice of knowingly and intentionally failing to comply with California Labor Code §1174 and the Wage Orders. The failure of Defendants, and each of them, to comply with California Labor Code § 1174 is unlawful pursuant to California Labor Code § 1175. When an employer fails to keep records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza* (1988) 199 Cal. App. 3d 721.

77. By failing to keep adequate time records required by sections 226 and 1174 (d) of the California Labor Code, as well as the Wage Orders, Defendants have injured Plaintiff and, on information and belief, class members, making it difficult to calculate the unpaid wages due.

78. Defendants' record-keeping violations are predicates for penalties under PAGA.

79. Wherefore, Plaintiff for herself and the class seeks damages and penalties in amounts to be determined at trial, as well as cost of suit, attorneys' fees and injunctive relief per California Labor Code §226.

## NINTH CLAIM

### FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION
(Violation of Labor Code sections 201, 202, 203)

80. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

81. California Labor Code Section 201(a) states:
If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

California Labor Code Section 202(a) states:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

82.     Defendants willfully failed to timely pay Plaintiff and, on information and belief, a large portion of the proposed class all of their wages due for work performed and this failure continued through the time in which Plaintiff and certain class members quit or were discharged from their employment.  As a result, Defendants violated California Labor Code sections 201 and 202, entitling Plaintiff and certain class members to waiting time penalties pursuant to Labor Code section 203.

83.     California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose.

84.     Plaintiff and the class she seeks to represent are entitled to penalties under Labor Code § 203 for failure to pay all forms of wages earned, including, but not limited to, compensation for all "hours worked"; compensation at the overtime rate; payment of premium wages for un-provided rest and meal periods; and other wages described herein that to date have not been received.

85.     More than 30 days have passed since Plaintiff and, on information and belief, many affected class members have left Defendants' employ and have not received payment pursuant to Labor Code sections 201 and 202.  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff and certain Class Members are entitled to 30 days' wages as a premium wage or penalty under Labor Code section 203.

86.     The violations described under this claim serve as a predicate for penalties under

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

PAGA.

87.    Wherefore, Plaintiff for herself and the class seeks waiting time penalties in amounts to be determined at trial.

### TENTH CLAIM

#### FAILURE TO INDEMNIFY EMPLOYEES FOR WORK EXPENSES
(Violation of California Labor Code § 2802)

88.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

89.    Plaintiff and other current or former employees were required to incur expenses in order to perform their work, including the purchase and maintenance of garments and other items necessary to carry out their work. None of the work expenses incurred are reimbursed.

90.    California Labor Code Section 2802 provides in pertinent part:

a)    An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

* * *

c)    For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

91.    Violation of section 2802 of the Labor Code serves as a predicate for penalties under PAGA.

92.    Wherefore, Plaintiff for herself and the class seeks to recover the full amount of expenses incurred, reasonable attorney's fees and cost of suit.

### ELEVENTH CLAIM

#### UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW

93.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

94.    By their policies described above, Defendants engaged in unlawful activity prohibited by Business and Professions Code sections 17200 *et seq*. The actions of Defendants, as alleged within this Complaint, constitute unlawful and unfair business practices, within the meaning of Business and Professions Code sections 17200 *et seq*. Plaintiff and the class she

- 19 -
CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

seeks to represent have suffered injury and have lost money or property as a result of Defendants' failure to comply with well-established labor laws.

95.     Plaintiff and the class were willfully misclassified as independent contractors and paid a fixed amount per performance or otherwise not paid these individuals for all hours worked, in violation of the FLSA (29 U.S.C. §§ 206, 207) and California law (Labor Code §§ 204, 221, 223, 510, 558, 558.1, 1194, 1197, 1197.1, 1198 and the Wage Orders).  Defendants refused to comply with rest and meal period requirements and systematically denied Plaintiff and class members breaks or compensation in lieu of breaks.  Plaintiffs and class members are entitled to these protections and wages pursuant to Labor Code sections 226.7, 512 and the Wage Order provisions that govern the provision of rest and meal breaks.  Defendants willfully and systematically disregarded the rights of Plaintiffs and the class to receive proper compensation and breaks, and in doing so engaged in unlawful business practices that deprives Plaintiff and the class of wages and property.

96.     Defendants have engaged in unlawful business practices described in this complaint, including:

    a.   violation of California Labor Code §201 by failing to pay all wages earned and unpaid at the time of certain Class Members' discharge from employment by DEFENDANTS;

    b.   violation of California Labor Code §202 by failing to pay all wages earned within 72 hours of the time of quitting of certain Class Members from their employment by DEFENDANTS;

    c.   violation of California Labor Code §206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof, conceded by DEFENDANTS to be due;

    d.   violation of California Labor Code §216 by willfully refusing to pay wages due and payable by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for itself any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, the Class Members to whom such indebtedness is due;

    e.   violation of California Labor Code §223 by secretly paying a lower wage to Class Members while purporting to pay the wage designated by statute or by contract;

    f.   violation of California Labor Code §226 by failing to provide Class Members with accurate wage statements;

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

g. committing a criminal misdemeanor in violation of California Labor Code §226.6 by knowingly and intentionally violating the provisions of California Labor Code §226;

h. violation of California Labor Code §226.7 by violating the rest and meal period statutes and failing to pay PLAINTIFF and Class Members one hour additional of wages at the regular rate of compensation for each work day that the meal or rest period is not provided;

i. violation of Labor Code § 226.8 by willful misclassification of employees as independent contractors.

j. violation of IWC wage orders by failing to pay for all "hours worked";

k. violation of California Labor Code §§ 1182.11 and 1197 by failing to pay at least the minimum wage for all hours worked by Class Members;

l. violation of California Labor Code § 1194 by failing to pay overtime wages for all hours worked by Class Members;

m. violation of California Labor Code § 1194.2 by failing to liquidated damages for failure to pay minimum wages for all hours worked by Class Members;

n. violation of the Wage Orders and Labor Code 2802 by failing to reimburse for work expenses.

97. As a direct and proximate result of the acts or omissions of Defendants, Plaintiff and the class have been deprived of wages in an amount to be proven at trial.

98. Defendants, by the acts or omissions alleged herein, have committed and are committing unlawful and unfair competition.

99. Defendants, by the acts or omissions alleged herein, have injured and are injuring the interests of the general public in that other employers who have been or currently are employing performers, dancers and exotic dancers, and attempting to do so in honest compliance with applicable wage and hour laws (including the laws violated by the Defendants) are at an unfair competitive disadvantage as a result of the Defendants' conduct.

100. Plaintiffs and the class are entitled to restitution of their wages and the economic value of benefits unlawfully denied them by the Defendants in an amount to be determined at trial.

**TWELFTH CLAIM**
CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT
(CAL. LAB. CODE §§ 2698 *et seq.*)

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

101.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

102.    Plaintiff is an aggrieved employee as defined in California Labor Code § 2699 (a). She brings this cause of action on behalf of herself, the State of California and other current or former employees affected by the labor law violations alleged in this complaint.

103.    As described in this complaint, Defendants committed the violations of the California Labor Code against Plaintiff, and, on information and belief, against other current or former employees while they were employed by Defendants, including the following:

    a.    Defendants violated Labor Code § 226.8 by willfully misclassifying Plaintiff and, on information and belief, other current or former employees;

    b.    Defendants violated Labor Code §§ 226.8, 221 by making deductions from compensation or charging fees to Plaintiff and, on information and belief, other current or former employees;

    c.    Defendants violated California Labor Code §§ 201, 202, 210, 223, 240, 558, and 1197, and applicable IWC Wage Orders by failing to pay Plaintiff, and on information and belief, other current and former aggrieved employees, all minimum and agreed-upon wages for all hours worked, when due.

    d.    Defendants violated the applicable IWC Wage Orders and California Labor Code §§ 558 and 1198 by failing to pay Plaintiff, and on information and belief, other current and former aggrieved employees of Defendants, all overtime wages due for all overtime hours worked.

    e.    Defendants violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff, and on information and belief, other current and former aggrieved employees of Defendants, all wages due immediately upon involuntary termination or within 72 hours of receipt of notice of employees' voluntary termination.

    f.    Defendants violated California Labor Code §§ 226.7 and 558 by failing to provide to Plaintiffs, and on information and belief, other current and former aggrieved employees of Defendant, all meal and rest periods in accordance with the applicable IWC Wage Orders.

    g.    Defendants violated California Labor Code §§ 226 (a) by failing to provide Plaintiff, and on information and belief, other current and former aggrieved employees of Defendants, with an accurate written itemized statements.

    h.    Defendants violated California Labor Code § 1174 by failing to maintain accurate records of the hours worked and rates of compensation paid to Plaintiff, and on information and belief other current and former aggrieved employees.

    i.    Defendants violated Labor Code § 2802 by failing to reimburse Plaintiff and, on information and belief, other current and former employees, for work expenses incurred.

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

104.    Plaintiff sent timely notice via certified mail to Defendants and the Labor and Workforce Development Agency (LWDA) of the specific violations and the facts and theories supporting those violations. More than 65 days have passed since the date the notice was mailed to Defendants and LWDA.

105.    Pursuant to PAGA, Plaintiff, acting in the public interest as private attorneys general, seeks assessment and collection of civil penalties, as otherwise provided by statute, for which Defendants are liable as a result of their violations described in this complaint.  Penalties for violation of Labor Code section 226.8, 221, 223, 240.  In addition, penalties for violation of California Labor Code §§ 201 and 202; penalties pursuant to California Labor Code § 2699(f); for violations of California Labor Code §§ 226.7, 558, 1198 and provisions of the applicable Wage Order, penalties pursuant to California Labor Code § 558 including an amount sufficient to recover underpaid wages due Plaintiffs and other current and former aggrieved  employees; for violations of California Labor Code § 1197 for failure to pay the minimum wages due, penalties pursuant to California Labor Code § 1197.1 including an amount sufficient to recover underpaid wages due, liquidated damages due under § 1194.2 and waiting time penalties pursuant to California Labor Code § 203 due Plaintiffs and other current and former aggrieved employees; for violations of California Labor Code § 226, penalties pursuant to California Labor Code § 226.3; and for violations of California Labor Code § 1174, penalties pursuant to California Labor Code § 1174.2.  Penalties for violation of Labor Code § 2802 and 226 and 1174.

## VII.    PRAYER

106.    Wherefore, Plaintiff prays for judgment as follows:

a.    That the Court determine that this action may be maintained as a class with the named Plaintiff, and any additional named Plaintiff, appointed as class representatives;

b.    For the attorneys appearing on the above caption to be named class counsel;

c.    For compensatory damages in an amount according to proof with interest thereon;

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

1        d.   For a declaratory judgment that each of the Defendants violated the rights of

2             Plaintiff and class members under California Labor Code and Business and

3             Professions Code, as set forth in the preceding paragraphs;

4        e.   For wages, interest and liquidated damages pursuant to the FLSA;

5        f.   That Defendants be ordered and enjoined to make restitution to the class due to

6             their unfair competition, including disgorgement of their wrongfully-obtained

7             revenues, earnings, profits, compensation, and benefits, pursuant to California

8             Business and Professions Code;

9        g.   That Defendants be enjoined from continuing the unlawful course of conduct,

10           alleged herein;

11        h.  For minimum wages, premium rest and meal period wages, overtime wages, and

12           penalties;

13        i.   For attorneys' fees, interest and costs of suit, pursuant to Labor Code §§ 218.5,

14           1194, 1194.2, 1197, 226, 2699, the California Civil Code, the FLSA, and all other

15           provisions in this Complaint;

16        j.   For liquidated damages, Cal. Labor Code § 1194.2;

17        k.  For Damages;

18        l.   For all other relief provided by the California Labor Code, California Business

19           and Professions Code and California contract law;

20        m. For PAGA penalties arising from each violation described in this complaint that

21           serves as a predicate for PAGA penalties, including the willful misclassification

22           as independent contractors; the charging of fees to employees or deductions from

23           compensation; the failure to pay for all hours worked; failure to pay minimum and

24           overtime wages; failure to comply with the rest and meal period provisions or pay

25           additional wages in lieu thereof; for record keeping violations and failure to

26           provide accurate, itemized wage statements; for failure to pay all wages owed

27           timely upon the termination of the employment relationship; for failure to

28

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL

reimburse expenses; for secretly paying less than the statutory or contractual wage; for collecting or receiving part of wages.

n.  For all provisions of the Labor code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

o.  For all provisions of the Labor code violated as described above for which a civil penalty is specifically provided, civil penalties for each aggrieved employee as specifically provided by statute.

p.  For damages, penalties and injunctive relief pursuant to Labor Code section 226 and 1198.5.

q.  For such other and further relief as the Court deems just and proper.

## VIII.    DEMAND FOR JURY TRIAL

107.  Plaintiff hereby demand trial of the claims brought herein by jury to the extent authorized by law.

Dated: May 24, 2017                                          **MALLISON & MARTINEZ**


By: /s/ Marco A. Palau
Stan S. Mallison
Hector R. Martinez
Marco A. Palau
Joseph D. Sutton
Attorneys for Plaintiff

CLASS ACTION COMPLAINT—DEMAND FOR JURY TRIAL