UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA PREDMORE,<br><br>    Plaintiff,<br><br>    v.<br><br>STOCKTON ENTERPRISES, LLC, et al.,<br><br>    Defendants. | No. 2:17-CV-01091-MCE-GGH<br><br>**ORDER** |

    By way of this action, Plaintiff Julia Predmore, on behalf of herself and a putative class of similarly situated individuals, seeks to recover from Defendants Stockton Enterprises, LLC, and Déjà Vu Showgirls-Sacramento, LLC, (collectively "Defendants") for violations of federal and state labor laws. Very generally, according to Plaintiff, Defendants misclassified Plaintiff and her fellow exotic dancers as independent contractors rather than employees. Based on injuries sustained as a result of that misclassification, Plaintiff seeks to recover on behalf of herself and the class for, again generally, failure to pay full and appropriate wages, to provide required breaks, or to properly indemnify for expenses. In addition, she seeks to recover penalties via a representative claim brought pursuant to California's Private Attorneys General Act, California Labor Code § 2699 et seq. ("PAGA").

Presently before the Court is Defendants' Motion to Dismiss/Stay this Action and/or to Compel Arbitration. ECF No. 8. According to Defendants, all of Plaintiff's causes of action aside from her Federal Labor Standards Act ("FLSA") claim are already the subject of a settlement approved in a separate class action filed in the Eastern District of Michigan, <u>Jane Doe 1-2 v. Déjà Vu Services, Inc.</u>, Case No. 2:16-cv-10877-SMJ-PTM. Moreover, an injunction was issued in that case specifically enjoining the Plaintiff and others from prosecuting the instant claims. Defendants further contend that this action should be stayed under the "first-to-file" rule, which permits courts to stay proceedings that are substantially similar to an already pending action. Finally, Defendants ask the Court alternatively to compel arbitration of Plaintiff's claims pursuant to an arbitration agreement contained in her contract with Defendants.

Given the lack of finality of the Michigan action and the broad injunction issued in that case, it makes little sense for this Court to address the merits of any of Plaintiff's claims now. Once the judgment in that case is final, then this Court can address which of Plaintiff's claims are barred by that action and which, if any, are potentially subject to arbitration. Accordingly, Defendants' Motion (ECF No. 8) is GRANTED as to Defendants' request for a stay, DENIED without prejudice as to Defendants' requests for dismissal and/or to compel arbitration. This action is hereby STAYED until judgment in <u>Jane Doe 1-2 v. Déjà Vu Services, Inc.</u>, Case No. 2:16-cv-10877-SMJ-PTM, is final. All pending dates in this case are VACATED. Not later than sixty days following the date this order is electronically filed, and every sixty days thereafter until the stay is lifted, the parties are directed to file a joint status report advising the Court regarding the status of the Michigan action.

IT IS SO ORDERED.

Dated: January 3, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE